UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CERAIN UNDERWRITERS AT LLOYD'S, *Plaintiff* | CIVIL ACTION NO.: :19-CV-00817 |
| V | JUDGE MICHAEL J. JUNEAU |
| LAFAYETTE HEALTH VENTURES, INC., LAFAYETTE GENERAL HEALTH SYSTEM, INC., LAFAYETTE GENERAL MEDICAL CENTER, INC., and AL PATIN, *Defendants* | MAGISTRATE CAROL B. WHITEHURST |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

NOW INTO COURT, through undersigned counsel, come LAFAYETTE HEALTH VENTURES, INC., LAFAYETTE GENERAL HEALTH SYSTEM, INC., LAFAYETTE GENERAL MEDICAL CENTER, INC., and AL PATIN (collectively, "Defendants"), Defendants in the above captioned matter, who respectfully represent pursuant to FRCP 12(b)(6):

1.

Plaintiff, Certain Underwriters at Lloyds, filed a Complaint for Declaratory Judgment on June 26, 2019, seeking a determination from this Court as to whether an insuring obligation exists as to any of the Defendants with regard to the underlying suit.

2.

For an insurer to avoid waiving coverage defenses, it must secure a nonwaiver agreement from the insured. *Steptore v Masco*, 643 So. 2d 1213 (La. 1994). Underwriters failed to obtain a nonwaiver agreement from the Defendants. *See also Perez v. Dean Equip., Inc.,* CIV.A. 04-3094, 2006 WL 2662999, at \*3 (E.D. La. Sept. 15, 2006), aff'd, 262 Fed.Appx. 622 (5th Cir.2008) ("When [insurer] gained knowledge of facts indicating that it had a right to deny coverage, under Louisiana law, it was required to obtain a nonwaiver agreement reserving its rights.").

3.

Plaintiff, who failed to acquire a nonwaiver agreement from the defendants and issued a declination of coverage over fourteen (14) months after the claim was tendered, which was days before a mediation and only weeks before the trial, has waived any coverage defense and is estopped from denying insurance coverage to defendants.

4.

In conjunction with this Motion Defendants specifically submit into evidence:

- Exhibit 1—April 16, 2018 correspondence from Underwriters.
- Exhibit 2—July 6, 2018 correspondence from Underwriters.
- Exhibit 3—June 12, 2019 correspondence from Underwriters.
- Exhibit 4—June 14, 2019 correspondence from Underwriters.

5.

For the reasons set forth in the accompanying memorandum, the Complaint fails to state a claim against Defendants and, accordingly, the Declaratory Action should be denied/dismissed, and coverage found in favor of the Defendants.

WHEREFORE, premises considered, defendants LAFAYETTE HEALTH VENTURES, INC., LAFAYETTE GENERAL HEALTH SYSTEM, INC., LAFAYETTE GENERAL MEDICAL CENTER, INC., and AL PATIN, pray that this motion to dismiss be deemed good and sufficient, and that after due proceedings had, there be Judgment in favor of LAFAYETTE HEALTH VENTURES, INC., LAFAYETTE GENERAL HEALTH SYSTEM, INC., LAFAYETTE GENERAL MEDICAL CENTER, INC., and AL PATIN, denying/dismissing the Declaratory Action and finding coverage in favor of the Defendants.

AND FOR ALL OTHER GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

*/s/ James H. Gibson*
JAMES H. GIBSON (T.A.) (#14285)
JACQUELYN L. DUHON (#38199)
2448 Johnston Street (70503)
P.O. Box 52124
Lafayette, LA  70505
Phone:  (337) 761-6023
Fax:  (337) 761-6061
Email:  jimgibson@gibsonlawpartners.com
Email:jackieduhon@gibsonlawpartners.com
Counsel for Defendants, LAFAYETTE HEALTH VENTURES, INC., LAFAYETTE GENERAL HEALTH SYSTEM, INC., LAFAYETTE GENERAL MEDICAL CENTER, INC., and AL PATIN

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Lafayette, Louisiana, this 4th day of September, 2019.

*/s/ James H. Gibson*
JAMES H. GIBSON